UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 17-20569
                                              Hon. Matthew F. Leitman

v.

BRANDON A. KAMMER,

        Defendant.
_____

**STIPULATED PRELIMINARY ORDER OF FORFEITURE**
_____

Plaintiff, the United States of America, and Defendant Brandon Kammer, by and through his attorney, David Koelzer, stipulate to the following, and request the Court to enter this Order upon submission to the Court.

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 2253, and based upon Defendant's Rule 11 Plea Agreement, guilty plea, the Judgment and Commitment Order, and other information in the record, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1.    The following property ("Subject Property") **IS HEREBY FORFEITED** to the United States for disposition in accordance with the law, and any right, title or interest of Defendant or any right, title or interest that Defendant's heirs, successors, assigns have or may

have in this property **IS HEREBY AND FOREVER
EXTINGUISHED:**

- 16 GB thumb drive on a Kingston Digital Media lanyard;

- Xbox 360S console, model 1439, SN: 029547125143;

- ASUS laptop, model ATHEROS/AR58125, SN: DCN0CX305490507; and

- Insignia external hard drive, model NS-PCHD233.

2. Upon entry of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish on www.forfeiture.gov, notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property.   The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property.   The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within sixty (60) days of the first date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier.   The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to

adjudicate the validity of the petitioner's alleged interest in any of the identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

3. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at the time it is entered by the Court.

5. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture and/or a Final Order of Forfeiture that addresses the disposition of any third party petitions.

6. After this Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters a final order of forfeiture that addresses the disposition of any third party petitions, the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property in such manner as the Attorney General may direct.

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

s/Nancy A. Abraham
Assistant U.S. Attorney
U.S. Attorney's Office
600 Church Street
Flint, MI 48502
810-766-5177
nancy.abraham@usdoj.gov

s/DAVID A. KOELZER
David A. Koelzer
Attorney for Defendant
111 E. Court Street, Suite 100
Flint, MI 48502
810-232-3600
david_koelzer@fd.org

Dated: February 20, 2019

Dated: February 20, 2019

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:   March 1, 2019